Barefield v. State.

Arkansas & Louisiana Railway Company v. State.

Opinion delivered January 20, 1908.

Sabbath breaking—operating freight train.—Under Kirby's Digest, § 2030, making it unlawful for any person to labor on the Sabbath or to compel a servant or apprentice to labor on that day, except to perform "customary household duties, of daily necessity, comfort or charity," it was not error, where a railroad company was indicted for compelling one of its servants to labor on the Sabbath by assisting in operating a freight train loaded with cotton, to instruct the jury to return a verdict of guilty where the evidence showed that the labor was performed on the Sabbath as charged, and there was no evidence that such labor was necessary within the meaning of the statute.

Appeal from Howard Circuit Court; *James S. Steel,* Judge; affirmed.

*T. M. Mehaffy* and *J. E. Williams,* for appellants.

1.  It is the rule, generally, that a statute should receive a reasonable construction, and with reference to penal statutes it is the rule that they are to be construed strictly as against the defendant, but liberally in his favor. 10 Ark. 97; 40 Ark. 97. The court held, in affirming the Cleary case, 56 Ark. 124, that it is "not unlawful to keep open on Sunday telegraph offices and transmit messages over the same," and that "such labor, not in discharge of household duties, as is a necessary incident to the accomplishment of a lawful purpose is not a violation of the statute." The work done in this instance was not only for the accomplishment of a lawful purpose, but the hauling of the cotton was a duty which the law requires to be done promptly.

2.  Whether or not the work on Sunday was of necessity ought to have been submitted to the jury. "The trial court should never direct a verdict where there is any evidence to support the issues as contended for by the party against whom the direction is made." 25 Ark. 474; 61 Ark. 442; 62 Ark. 63; 63 Ark. 94; 66 Ark. 363; 70 Ark. 230; 71 Ark. 305; 71 Ark. 445; 72 Ark. 167.

*William F. Kirby,* Attorney General, and *Daniel Taylor,* Assistant, for appellee.

Appellants have not by this proof brought themselves within the rule laid down in the Shipley case, 61 Ark. 219, wherein it is said: "Work on the Sabbath, which is apparently in violation of the law, is not morally fit or proper in any case unless it appears that by no ordinary discretion or reasonable expense could such labor have been avoided." The defendant shows no justification whatever save that of convenience, and that is not deemed sufficient in law. 97 Mass. 407.

McCULLOCH, J. The appeal in each of these cases is from a conviction upon indictment for Sabbath breaking. In the first case the appellant is accused of laboring on the Sabbath by assisting in operating a railroad train loaded with cotton from the town of Nashville, Arkansas, to Hope, Arkansas; and in the other case the appellant railroad company is accused of compelling one of its servants to labor on the Sabbath by assisting in the operation of the same train. In each case the trial judge, after hearing all the evidence, instructed the jury to return a verdict of guilty, which was done, and a fine of one dollar was adjudged against each of the appellants.

There is no statute in this State directed specially against the operation of Sunday trains, and the indictments are based upon the general statute making it unlawful for any person to labor on the Sabbath, or to compel a servant or apprentice to labor on that day, except to perform "customary household duties, of daily necessity, comfort or charity." Kirby's Digest, § 2030.

The court, in construing the term "necessity" as used in the statute, has held that "it is not an absolute, unavoidable, physical necessity that is meant, but rather an economic and moral necessity." *Shipley* v. *State,* 61 Ark. 219; *State* v. *Collett,* 72 Ark. 167.

There was no evidence adduced in the trials below tending to show that the labor performed was necessary, within the meaning of the statute. It might as well have been done on any other day, if the railway company had seen fit to furnish necessary facilities, and was performed on that day merely because it was more convenient to do so.

·    We do not mean to hold that railroad work in the operation of trains or otherwise may not be shown to be a "necessity," so as to fall within the exception in the statute against Sunday labor, but such is not the case here. Under a similar statute the Kentucky Court of Appeals held that the running of passenger trains, and freight trains carrying perishable commodities, was work of necessity. *Com.* v. *L. & N. Rd. Co.,* 80 Ky. 291. The fact alone that it is labor performed in the operation of railroad train does not bring it within the exception.

:    It is certainly within the province of the lawmakers to prohibit the operation of railroad trains on Sunday, the same as other labor or business (*Hennington* v. *Georgia,* 163 U. S. 299); and we think the Legislature of this State has done so by the passage of the general statute on the subject just mentioned.

The undisputed evidence established the guilt of each of the appellants, and the court committed no error in so instructing the jury.

Affirmed.